UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HIT NOTION, LLC,

    Plaintiff,                                                        Civil Action No. 19-CV-12184

vs.                                                                HON. BERNARD A. FRIEDMAN

SANDERS COLLECTION, INC.,

    Defendant.
_____/

## **OPINION AND ORDER**
## **DENYING DEFENDANT'S MOTION TO DISMISS**

        This matter is presently before the Court on defendant's motion to dismiss [docket entry 9]. Plaintiff has responded, and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

        This is a copyright infringement case. Plaintiff commenced suit on July 25, 2019, and a summons for defendant was issued the same day. On October 26, the Court ordered plaintiff to show cause why the Court should not dismiss the complaint due to plaintiff's failure to serve defendant within ninety days, as required by Fed. R. Civ. P. 4(m).[1] On November 7, plaintiff responded to this show-cause order, explained the delay in service to the Court's satisfaction, and

---

[1] Rule 4(m) states:

> **Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

attached a proof of service showing that defendant was served with process on November 5. On November 19, the Court set aside its show-cause order and extended the summons nunc pro tunc to November 5.

In the instant motion, filed November 26, defendant argues that the complaint should be dismissed pursuant to Rule 4(m) because plaintiff did not show that it had good cause for missing the ninety-day service deadline. This motion lacks merit both procedurally and substantively. Procedurally, the motion is too late. If defendant believed plaintiff lacked good cause for missing the service deadline, it should have submitted a brief addressing this issue when the Court filed its show-cause order or once plaintiff responded to that order. But instead defendant bided its time and withheld its comments until a month after the Court issued its show-cause order, nearly three weeks after plaintiff responded to the show-cause order, and a week after the Court vacated that order.[2]

The motion also fails substantively. As the Court has already vacated its show-cause order and ruled that plaintiff demonstrated good cause for missing the service deadline, defendant may no longer rely on Rule 4(m), but must show it is entitled to relief under Fed. R. Civ. P. 60(b) or E.D. Mich. LR 7.1(h), and neither of these rules is cited in defendant's motion. Under these rules, defendant would have to show that the Court erred in finding that plaintiff's delay in serving defendant was justified, and the Court does not believe that its ruling was erroneous. It appears that

---

[2] In its reply brief, defendant states that the instant motion did not mention the Court's November 19 order vacating the show-cause order because "at that time it was not aware that the Order had been entered," as its attorney had not yet filed his appearance and therefore did not receive electronic notification that the order had been filed. Def.'s Reply at 2. The Court rejects this explanation. Defendant and its attorney have been aware of this lawsuit since at least August 14, 2019, *see* Br. in Support of Def.'s Mot. to Dismiss at 6, and they therefore could have monitored any developments in the case by viewing the docket sheet through PACER.

2

during the ninety-day period the parties' attorneys were at least beginning settlement discussions, which in the Court's experience is generally good cause for delaying the service of process. It also appears that plaintiff believed, whether correctly or incorrectly, that it might add patent claims to the complaint before serving it. And in any event, plaintiff had a process server attempt service on the ninetieth day of the service period, as well as repeatedly on the days immediately following, and defendant was in fact served with process approximately twelve days after the service deadline. In these circumstances, plaintiff showed sufficient cause for the delay, and there was no prejudice to defendant. Accordingly,

IT IS ORDERED that defendant's motion to dismiss is denied.

s/Bernard A. Friedman
Dated: January 2, 2020 BERNARD A. FRIEDMAN
Detroit, Michigan SENIOR UNITED STATES DISTRICT JUDGE